**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4422**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RODRICK BERKLERY,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:17-cr-00469-RBH-3)

Submitted:  November 23, 2020          Decided:  December 8, 2020

Before WILKINSON and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael B. Hanzel, HANZEL & HANZEL, Mt. Pleasant, South Carolina, for Appellant. Derek Alan Shoemake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodrick Berklery appeals his conviction and sentence imposed following his guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Berklery's § 924(c) conviction was supported by a valid predicate crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and Berklery has raised the same argument in a supplemental pro se brief. For the reasons that follow, we affirm.

Although the Supreme Court has held that the residual clause of the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, § 924(c)(3) provides two definitions of the term "crime of violence; and the force clause of § 924(c)(3)(A) remains intact. *Davis*, 139 S. Ct. at 2336. Moreover, convictions under § 924(c) do not require a conviction on the predicate crimes of violence; instead, the predicate offenses simply must be crimes "for which the person may be prosecuted." § 924(c)(1)(A); *see United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002). Here, appellate counsel and Berklery both assert that Hobbs Act conspiracy no longer qualifies as a crime of violence after *Davis*. While this is true, *see United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019), it is irrelevant, as Hobbs Act conspiracy was not the predicate crime of violence supporting Berklery's § 924(c) conviction.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Berklery's convictions. We

2

also grant Berklery's motion to extend the filing time for his supplemental pro brief, deny appellate counsel's motion to withdraw, and deny Berklery's motion to appoint new counsel. This court requires that counsel inform Berklery, in writing, of the right to petition the Supreme Court of the United States for further review. If Berklery requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Berklery.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*